BAUM et al., v. SAUER et al., Appellants.

Division One, July 3, 1893.

1. **Fraudulent Conveyance.** The finding and decree of the trial court subjecting certain land to the payment of the debts of judgment creditors, on the ground that it had been conveyed in fraud of creditors, held, supported by the evidence. (*Frank v. Reuter,* 116 Mo. 517.)

2. **Evidence:** DEED: RECORD COPY. A party to a suit who is not the proper custodian of a deed, and is unable to produce it, may read in evidence a certified copy of the record of the same. (Revised Statutes, 1889, sec. 4861.)

*Appeal from Hannibal Court of Common Pleas.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

*A. M. Hough* and *J. C. Fisher* for appellants.

(1) The court erred in the admission of the certified copy of the deed of trust mentioned. No sufficient foundation was laid for its admission. Plaintiffs simply testified that the original was not in his possession or under his control. It does not appear that plaintiffs made any effort to get the original. *West v. West*, 75 Mo. 204. (2) Fraud must be proved, and must not be presumed. Relationship between the parties to a conveyance is not sufficient to establish a fraudulent intent as to creditors; nor is insolvency of the grantor alone sufficient. *Renny v. Williams*, 89 Mo. 139; *Hoskinson v. Adkins*, 77 Mo. 537. (3) It devolves upon the attacking creditors to introduce proof tending to show that the beneficiaries had knowledge of the fraudulent intent, and, also, that they participated therein; and of this fact there must be tangible evidence, not mere suspicion. *Hansmann v. Hope*, 20 Mo. 193. (4) There is no evidence that John A. Sauer or H. H. Reuter furnished the money to purchase the lots of McIntosh. The finding of the court is against the law and the evidence. The finding is against the weight of the evidence. (5) There is no evidence that John A. Sauer or H. H. Reuter erected the dwelling house on said lots, or that they paid for the same, or any part of it. The finding should have been for the defendants. (6) Fraud will not be presumed when all the facts in the case consist as well with honesty as with the intention to defraud. *Henderson v. Henderson*, 55 Mo. 534; *Rumbolds v. Parr*, 51 Mo. 592; *Dallam v. Renshaw*, 26 Mo. 533; *Ames v. Gilmore*, 59 Mo. 537.

*Charles Martin* for respondent.

(1) The purchase of the property of McIntosh, Carroll & Roberts, in name of Ruth S. Sauer, under the circumstances, raises a presumption that the purchase money was paid by her husband, John A. Sauer. *Sloan v. Torry*, 78 Mo. 623: *White v. Clasby*, 101 Mo. 162. And this presumption was not overcome by the evidence. She had no means of her own and never had any, except $117.80 received in 1867, fifteen years before this deed was made. (2) The purchase of the property at sheriff's sale by Singleton, in name of Mary Gerber, was nothing more than a purchase by Sauer for her; and, while relationship may not in ordinary cases raise a presumption of bad faith, that, with the other suspicious circumstances attending this sale, would raise a strong inference that the purchase was for the benefit of Sauer & Reuter, and with their means. Bump on Fraudulent Conveyances, 56; *King v. Moore*, 42 Mo. 551; *Van Raalte v. Harrington*, 101 Mo. 602; *Lohman v. Stocke*, 94 Mo. 673; *Benne v. Schnecko*, 100 Mo. 250.

BRACE, J.—The plaintiffs are judgment creditors of Sauer & Rueter, a firm composed of defendants John A. Sauer and Herman H. Rueter. The object of this suit is to set aside certain deeds vesting the legal title to certain lots in the town of Elsberry, in Lincoln county, in defendant Otis N. and Ada A. Baldwin, and to vest the same in the said Sauer & Reuter, and to subject them to sale under plaintiff's judgment against them, on the ground that such deeds were made for the purpose of defrauding the creditors of the said Sauer & Reuter. The court below found for the plaintiffs, and from its decree granting the prayer of the petition, the defendants appeal.

The defendants are related to each other in the following manner: Ruth S. Sauer and John A. Sauer are husband and wife; Herman H. Rueter is a son-in-law of Ruth S. Sauer; Ada Baldwin and Otis N. Baldwin are husband and wife; Ada Baldwin is a daughter of H. H. Rueter, granddaughter of Ruth S. Sauer, and niece of Mary Gerber; Mary Gerber is a sister of Herman H. Rueter.

The defendants, Sauer & Rueter, were for some years in mercantile business in New Hope, Lincoln county. In 1880 they removed their business to Elsberry, on the line of the St. Louis, Keokuk & Northwestern Railroad; purchased a lot, built a store house thereon and sold goods until they were closed up by attachment in January, 1882. In August, 1881, they had on hands goods amounting to $5,000 at cost price.

From that time until after their suspension of business in January, 1882, they purchased goods on credit of various wholesale merchants in St. Louis, Chicago, Quincy and Cincinnati, amounting to between $18,000 and $19,000; and for the time between August and their failure in January, 1882, sold a great quantity of goods almost exclusively for cash. During this time they had paid only $3,000 on their indebtedness. When an inventory was taken of the assets attached, it was found that the goods on hand and accounts amounted to only about $10,500. The accounts being about $500, and all contracted before they moved to Elsberry. About the first of January, 1882, they executed a chattel mortgage on their entire stock to Keeling, Kemper & Norton, to secure debts to Keeling & Kemper of about $1,000, and Norton's attorney's fee of $250. Upon the filing of this mortgage most of the creditors attached on the ground that they had fraudulently conveyed their property. Sauer & Rueter

defended none of these attachment suits, but consented that the attachments should be sustained, and judgments were so rendered.

In February, 1882, the lots in controversy in this suit were conveyed by McIntosh, Carroll & Roberts to Ruth S. Sauer for the express consideration of $300. This deed was not filed for record until September 1, 1882. During the spring and summer of 1882, Sauer & Rueter had built upon these lots a dwelling house at a cost of $1,500 or $1,600. They made the contract with the workmen and did a considerable part of the work themselves. After the completion of the dwelling house, both families occupied it until they moved to Baxter Springs, Kansas, in 1888 or 1889. The term of the circuit court of Lincoln county, at which the judgments were rendered in favor of the creditors against Sauer & Rueter, was held on the third Monday of September, 1882. On the thirteenth day of September, preceding the rendition of these judgments a few days, Ruth S. Sauer and John A. Sauer executed a deed of trust to the defendant, Mary Gerber, on these lots for $1,000, for the purpose, as Mrs. Gerber says in her deposition, "If I didn't take a deed of trust they (the creditors) take the house away just like they did the storehouse."

In November, 1882, at an adjourned term of the circuit court, this property and the storehouse owned by Sauer & Rueter were sold and bid in by John Singleton, who got his instructions from John A. Sauer as to how he should bid and where he could get the money to pay for the land. Sauer had previously placed the money in the hands of William Colbert and instructed Singleton to bid the property off for Mary Gerber and go to Colbert and get the money. After the sales, Sauer & Reuter continued to occupy the dwelling house

without rent, rented out the storehouse and had abso-lute control and management of the same.

On August 13, 1883, Mary Gerber and her husband conveyed the property in dispute in this case to Ruth S. Sauer for the consideration expressed of $150, being the same amount for which the property was bid off by Singleton for her, but in fact without a cent of consid-eration.    This deed was kept off the records until Feb-ruary 16, 1887.

Two days after this deed was made, to-wit, August 15, 1883, Mary Gerber and her husband conveyed, by warranty deed, the storehouse property, which Singleton had bought for her, to Rebecca Reuter, wife of the defendant, H. H. Rueter, for the express consideration, the same as amount bid by Singleton at sheriff's sale, but in fact without any consideration at all.    On the same day of the filing of the warranty deed from Mary Gerber to Ruth S. Sauer, to-wit, February 16, 1887, Mary Gerber and husband executed a deed of release of the deed of trust given her by Ruth S. Sauer and John A. Sauer; this release recites the full payment of the $1,000 by Ruth S. Sauer and John A. Sauer, but in fact no sum was ever paid for said release or on said pretended debt.

On May 8, 1887, Ruth S. Sauer and John A. Sauer executed a warranty deed to these lots to the defend-ants, Otis and Ada Baldwin, without a cent of consid-eration being paid, although the deed expresses a con-sideration of $1,500.

Soon after their failure, in 1882, Sauer & Rueter engaged in other business requiring considerable sums of money, but had their business conducted in the name of some third person.    Sauer traded in stock to a con-siderable extent with R. T. Elsberry and T. S. Elsberry, furnishing all the money and had the business carried

on in the name of the defendant, Otis Baldwin. Rueter conducted for several years at Elsberry a boot and shoe store, which was run in the name of Mary Gerber, but which he had absolute control and management of, and which he finally closed out, receiving the entire proceeds, with Mrs. Gerber's consent.

All the deeds and other transactions with Mary Gerber were prepared and attended to by Sauer & Rueter; "they had everything fixed up for me," and she "signed without asking any questions."

I. For reversal of the judgment of the circuit court it is urged that the court erred in admitting in evidence the certified copy of the deed of trust mentioned in the statement; and that the finding of the trial court is not supported by the evidence. These are the same grounds upon which a reversal was asked in the case of *Frank v. Rueter*, 116 Mo. 517, in which an opinion was delivered in division number 2, June 13, 1893, affirming the judgment of the circuit court, a case standing on all fours with the case in hand, being in fact a branch of the same transaction, and resting upon substantially the same evidence. There can be little doubt upon the evidence in this case that the lots in question were purchased in the first instance from McIntosh *et al.*, with the money of Sauer & Rueter. In other respects this case presents the same features as the *Frank case*. We have again gone over the evidence in both cases, and reach the same conclusion as in division number 2, viz: that there was no error in admitting in evidence the certified copy of the deed of trust; and that there is evidence to support the finding of the chancellor, who was in a better position to judge of the credibility of the witnesses and to weigh the evidence than we are. The judgment is, therefore, affirmed. All concur.